IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EVELYN OSBORN,

    Plaintiff,

vs.                                                                     CIV 15-1069 KBM

NANCY A. BERRYHILL, Acting Commissioner
of the Social Security Administration,

    Defendant.

## ORDER GRANTING § 406(b) ATTORNEY FEES

THIS MATTER is before the Court on Plaintiff's Motion for an award of $12,365.00 in attorney fees under 42 U.S.C. § 406(b)(1). *Doc. 29.* Defendant declined to take a position with regard to the reasonableness of the requested award. *Doc. 30.* The Court held a hearing this date at which Attorney Gary Martone personally appeared for Plaintiff and Attorney Melissa Schuenemann appeared telephonically for Defendant. Being fully advised in the premises, the Court finds that Plaintiff's Motion is well-taken and should be granted.

Plaintiff instituted an action in this Court seeking judicial review of Defendant's denial of her application for Social Security disability benefits. This Court reversed the decision of the Commissioner and remanded for a new hearing and awarded EAJA fees in the amount of $3,400.00. *See Docs. 25, 26, 28.* Following this Court's remand, the Social Security Administration found Plaintiff to be disabled. Although Plaintiff's counsel indicates that he has not yet received a notice stating the total back benefits award, he represents that it should be $89,424.00 because twenty-five percent of those benefits,

$22,356.00, was withheld for attorney fees in the event that Plaintiff's counsel were to bring a claim for attorney fees pursuant to the retainer agreement. Plaintiff's counsel now seeks authorization from this Court for an award of compensation for legal services in an amount significantly less than that withheld.

When a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id*. at 934. The court may award fees under § 406(b) when "the court remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493-96 (10th Cir. 2006).

Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent that they provide for fees exceeding 25% of the past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 798, 807 (2002); *Culbertson v. Berryhill*, ___ U.S. ___, 139 S. Ct. 517, 521-23 (January 8, 2019) (Section 406(b)(1)(A)'s 25% cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b)). Section 406(b) also requires the court to act as "an independent check" to ensure that fees are reasonable even if they are less than 25% of the past-due benefits because there is no presumption that 25% is reasonable. *Id*. at

807 n. 17.

Counsel has the burden of demonstrating the reasonableness of the fees. *Id.* at 807. The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808. Factors relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal billing rate for non-contingency fee cases. *Id.* The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit, however, has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

In this case, the Court finds that the legal representation by the Martone Law Firm, P.A. of Plaintiff was more than adequate, and it obtained a fully favorable decision. Counsel did not delay the proceedings before this Court. The instant Motion was filed within a reasonable time after Plaintiff received notice of entitlement to past-due benefits. The Court further finds that the requested fees represent the full 25% permitted by the retainer agreement and finds them proportionate given the amount of time (19.4 hours) spent on the case.

The requested attorney fees hourly rate of roughly $636/hour appears somewhat higher than the usual fee awards authorized in this District under Section 406(b). *See e.g., Marquez v. Astrue*, CIV 10-1165 CG *(Doc. 30)* (awarding $10,105 for 18.9 hours,

or $534 per hour); *Dimas v. Astrue*, CIV 03-1157 RHS *(Doc. 34)* (awarding $17,000 for 38.26 hours or $444 per hour). Yet it appears in line with the $617.28/hour awarded to the Martone Law Firm by Magistrate Judge Vidmar in *Gallegos v. Colvin*, CIV 12-0321 SMV *(Doc. 32)* and Magistrate Judge Lorenzo Garcia's awards to the Martone Law Firm equivalent to a $629.00 hourly rate authorized by in *Heiskell v. Astrue*, CIV 04-0860 LFG *(Doc. 29)* and $625.00 hourly rate in *Vento v. Astrue*, CIV 04-0741 *(Doc. 28)*. As Judge Garcia noted in *Watts v. Colvin*, CIV 11-0445 LFG *(Doc. 29)*, "while the case was not difficult for an experienced social security disability attorney, the number of hours devoted to the substantive tasks reflects the experience and efficiency of such attorneys, resulting in a decrease of time needed to accomplish the tasks." *Id.* at 5 (awarding equivalent rate of $600.00 per hour).

Having performed its "independent check" duties, the Court finds the requested award to be both appropriate and reasonable. Specifically, the Court notes that Plaintiff is not improperly requesting that the Government pay the attorney's gross receipts tax or advanced costs. *See Williams,* Astrue, CIV 10-0295 LAM, 2011 WL 13284607 at *2 (D.N.M. 2011) (EAJA does not provide for an award of gross receipts taxes); *see also Shaw v. United States*, 2018 WL 3598513 at *7 (28 U.S.C. § 1920 does not include gross receipts taxes as recoverable costs). Rather, as explained by Mr. Martone, those are costs for which his client is responsible pursuant to the retainer agreement. Thus, they will be simply withheld from the required reimbursement to Plaintiff of the previous EAJA fee award.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for attorney fees under § 406(b) is **granted.** The Court hereby authorizes $12,356.00 in attorney fees for legal services rendered in United States District Court, to be paid by the Social Security Administration. Plaintiff's counsel will then reimburse to Plaintiff the EAJA award of $3,400.00 minus $1,966.62 (which represents $1,753.21 for the 7.875% gross receipts tax and $213.41 in advanced costs).

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent